HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHEN BARTON, individually and on behalf of a class of all persons and entities similarly situated<br><br>        Plaintiff,<br><br>    v.<br><br>PAPA MURPHY'S COMPANY STORES INC. and DOES 1-10,<br><br>        Defendants. | Case No.: 3:26-cv-05168-JNW<br><br>**DEFENDANT PAPA MURPHY'S COMPANY STORES, INC.'S MOTION TO DISMISS THE CLASS ACTION COMPLAINT**<br><br>NOTE ON MOTION CALENDAR:<br>APRIL 14, 2026 |

PLEASE TAKE NOTICE that Defendant Papa Murphy's Company Stores, Inc. ("Papa Murphy's") hereby submits this Motion to Dismiss the Class Action Complaint by Plaintiff Nathen Barton ("Plaintiff") pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure and in support therefore, states as follows:

## I.    **INTRODUCTION**

The Class Action Complaint ("Complaint") by Plaintiff alleging violations of the Telephone Consumer Protection Act ("TCPA"), and related state law claims, against Papa Murphy's should be dismissed because Plaintiff's TCPA claims fail as a matter of law. First, the term "telephone call" as utilized in Section 227(c)(5) does not encompass the "text messages" that

**MOTION TO DISMISS THE CLASS ACTION COMPLAINT** - 1

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

are the subject of the Complaint.  In addition, Plaintiff's Second Cause of Action for alleged failure to transmit caller identification information is invalid on its face, as Plaintiff admits that all the text messages properly transmitted caller identification information and Plaintiff cannot allege he could not send an opt-out text during regular business hours.

## II.    BACKGROUND

On February 23, 2026, Plaintiff filed his Complaint against Papa Murphy's alleging he received unwanted text messages from Papa Murphy's in violation of the TCPA, CEMA and CPA. *See generally*, Doc. 1.  Plaintiff alleges he is a Washington resident and the subscriber and user of an unidentified Washington 360 area code cell phone that received text messages sent by Papa Murphy's while Plaintiff was physically in Washington.  Doc. 1 at ¶¶ 4, 19-32.  Plaintiff further alleges that he registered his unidentified cell phone number on the national do not call registry more than 30 days prior to the calls at issue.  *Id.* at ¶ 24.  Plaintiff alleges that he received a total of forty-two (42) text messages between March of 2025 and the present from Papa Murphy's 90421 number. *Id.* at ¶ 30.

Plaintiff alleges that the text messages all came from the "telephone number and transmitted the Caller ID, in the form of both CPN and ANI, as 90421."  *Id.* at ¶ 33.  Plaintiff alleges it is not possible to "call that number back with a voice call to lodge a Do Not Call Request during regular business hours" and anyone calling that "telephone number" with a "voice call" will not receive an alternate number to call to lodge a Do Not Call request during regular business hours.  *Id.* at ¶¶ 35-36.  As a result, Plaintiff alleges not a fact, but a conclusory assertion, that the caller ID information transmitted with the text message did not transmit a "telephone number" that permits "any individual to make a do-not-call request during regular business hours."  *Id.* at ¶ 37. However, the text messages incorporated by reference into the Complaint specifically state at the end "Stop2End".  *Id.* at ¶ 32.  Plaintiff does not allege he texted "Stop2End" after receiving any of the text messages.

MOTION TO DISMISS THE CLASS ACTION
COMPLAINT - 2

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

Plaintiff alleges he did not consent to the unwanted texts which were sent to encourage Plaintiff to purchase pizza from Papa Murphy's that he did not want. *Id.* at ¶¶ 43-49. Plaintiff alleges he and other call recipients were harmed by these texts that temporarily deprived them of the legitimate use of their phones, their storage space and network bandwidth was used, they were charged for the texts and their privacy was invaded and the calls were frustrating, obnoxious, annoying and a nuisance that disturbed their solitude while performing critical tasks. *Id.* at ¶¶ 50-51, 57.

Plaintiff proposes three classes, a National DNC Class, a Telemarketing Caller ID Class and a Washington CEMA Class. *Id.* at ¶ 54. In addition, Plaintiff alleges the following claims for relief against Papa Murphy's: 1) Violation of Section 227(c)(5) of the TCPA and 47 C.F.R. § 64.1200(c) on behalf of the National DNC Class; 2) ; 2) Violation of Section 227 on behalf of the Telemarketing Caller ID Class and 3) Violation of the Washington CEMA and CPA on behalf of the Washington CEMA Class. *Id.* at ¶¶ 70-84.

Counsel for Papa Murphy's attempted to meet and confer with Plaintiff's counsel prior to filing this Motion to Dismiss.

## III.    **APPLICABLE STANDARDS**

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *See Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011). A court should grant a motion to dismiss for failure to state a claim when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); and *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1042 (9th Cir. 2010).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which requires "more than a sheer possibility that a defendant has acted unlawfully" or "merely consistent with" a defendant's liability. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court does not accept as true any

**MOTION TO DISMISS THE CLASS ACTION COMPLAINT** - 3

conclusory allegations or legal conclusions. *Id. at* 678-79.  The Court employs a two-pronged analysis to determine the sufficiency of the complaint by (1) disregarding all conclusory allegations or legal conclusions and (2) then determining whether remaining "well-pleaded factual allegations," accepted as true, plausibly give rise to entitlement to relief.  *Id.*, 678-79.  A pleading that offers only "labels and conclusions" or "naked assertion[s] devoid of further factual enhancement" will not suffice. *Id.*, 678 (quoting *Twombly,* 550 U.S. at 557).  Early dismissal, even prior to any discovery, is appropriate in cases where there is no basis for a plaintiff's allegations. *See Twombly*, 550 U.S. at 559.

## IV.   LEGAL ANALYSIS

### A.   Plaintiff's TCPA Claims Fail Because "Telephone Calls" Cannot Be Interpreted To Encompass Text Messages Under 47 U.S.C. § 227(c)(5)

Plaintiffs' First and Second causes of action pursuant to the TCPA should be dismissed without leave to amend because Plaintiff cannot allege he received a "telephone call" by, or on behalf of, Papa Murphy's as required to establish a private right of action pursuant to 47 U.S.C. § 227(c)(5).  Instead, Plaintiff only alleges he received text messages, and under ordinary principles of statutory interpretation, the term "telephone calls" cannot reasonably be interpreted to encompass "text messages".

All of Plaintiffs' TCPA claims are brought pursuant to section 227(c)(5) of the TCPA, which provides a "private right of action" for a "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5); *see also* 47 C.F.R. § 64.1200(d); Doc. 1 at ¶ 36 (first claim for violation of Section 227(c); ¶ 53 (third claim for violation of regulation 47 C.F.R. § 64.1200(d)); ¶ 59 (fourth claim for violation of regulation 47 C.F.R. § 64.1200(d)(4)); ¶ 71 (sixth claim for violation of regulation 47 C.F.R. § 64.1601(c); and ¶ 78 (seventh claim for injunctive relief under 47 U.S.C. § 227.).  Under the plain language of Section 227(c), a "text message" is not a "telephone call".

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

*1.      A Text Message is Not a Telephone Call Under Section 227(c)(5)*

It is a matter of common sense that any reasonable and ordinary interpretation of the meaning of the term "telephone call" does not include a "text message."  Instead, "it is only though the rulemaking authority of the FCC that the voice call provisions of the TCPA have been extended to text messages." *Salcedo v. Hanna*, 936 F.3d 1162, 1169 (11th Cir. 2019), *abrogated on other grounds by Drazen v, Pinto*, 74 F.4th 1336 (11th Cir. 2023); *see also Van Patten v. Vertical Fitness Group, LLC,* 847 F.3d 1037, 1041 (stating with respect to the term "any call" under Section 227(b)(1)(A) of the TCPA, the FCC "has interpreted the TCPA to 'encompass [ ] both voice calls and text calls to wireless numbers including, for example, short messages services (SMS) calls' which are generally referred to as text messages. [citations.]")

However, the Supreme Court recently held that a "District Court is not bound by the FCC's interpretation of the TCPA." *McLaughlin Chiropractic Associates, Inc. v. McKesson Corporation*, 606 U.S. 146, 168 (2025).  Instead, "a district court ***must independently determine for itself*** whether the agency's interpretation of a statute is correct. District courts are not bound by the agency's interpretation, but instead ***must determine the meaning of the law under ordinary principles of statutory interpretation***." *McLaughlin Chiropractic*, 606 U.S. at 155 (*citing Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 402 (2024) (emphasis added.)  To date, the Ninth Circuit Court of Appeals has not applied ordinary principles of statutory interpretation consistent with *McLaughlin* to ascertain whether the term "telephone call" under Section 227(c)(5) of the TCPA can be interpreted to encompass "text messages".  Although decisions from district courts around the country have been split on this issue, the term "telephone call" cannot reasonably be interpreted as encompassing "text messages" under ordinary principles of statutory interpretation.

In the Ninth Circuit, the district court's "first job is to determine whether congressional intent regarding the definition of [telephone call] is clear because when the meaning of a statute is clear, the 'sole function of the courts' is to 'enforce [the statute] according to its terms.' [citations.]" *Trim v. Reward Zone USA LLC*, 76 F.4th 1157,1161 (9th Cir. 2025); *see also Guido*

**MOTION TO DISMISS THE CLASS ACTION COMPLAINT** - 5

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

*v. Mount Lemmon Fire Dist.*, 859 F.3d 1168, 1170 n.1 (9th Cir. 2017) ("If the 'statutory text is plain and unambiguous[,]' [the district court] 'must apply the statute according to its terms.'" [citation omitted.]). "A fundamental canon of statutory construction is that unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42 (1979); *see also Trim*, 76 F.4th at 1161 ("One such tool is that we interpret words consistent with their 'ordinary meaning ... at the time Congress enacted the statute,' quoting *Perrin*.).

"[I]n common American English usage, a 'telephone call' and a 'text message' are separate and distinct forms of communication". *See Sayed v. Naturopathic Holistic Health, Inc.,* Case No. 8:25-cv-00847-SDM-CPT, 2025 WL 2997759 * 2 (M.D. Fla. Oct. 24, 2025); *see also Radvansky v. 1-800-Flowers.com, Inc.*, 2026 WL 456919 at *3-5 (N.D. Ga. Feb. 17, 2026) ("granting motion to dismiss concluding that the phrase "telephone call" in 47 U.S.C. § 227(c)(5) does not encompass text messages); *Davis v. CVS Pharmacy, Inc.*, 2025 WL 2491195, at *1  (N.D. Fla. 2025); *Jones v. Blackstone Medical Services, LLC,* 792 F.Supp.3d 894, 899 (N.D. Ill. 2025) ("Text messaging was not an available technology in 1991, and thus 'telephone call' would not have included text messages or SMS messages.")  In fact, Congress distinguished between a "telephone call" and a "message" in its definition of the term "telephone solicitation".  47 U.S.C. § 227(a)(4) (defining "telephone solicitation", in part, as the "**the initiation of a telephone call or message** for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person" (emphasis added.))

As explained in the recent district court decision in the case *Stockdale v. Skymount Property Group, LLC*, 2026 WL 591842 (N.D. Ohio, March 3, 2026), "[i]n 1990, Webster's Dictionary defined the noun 'call' as 'the act of calling on the telephone' and 'telephone' as 'an instrument for reproducing sounds at a distance...'one in which sound is converted into electrical impulses for transmission by wire.'" *Id.* at * 3 (*quoting* Merriam-Webster New Collegiate Dictionary (9th ed. 1990). "Under these definitions, 'telephone call' could not include modern day text messages

**MOTION TO DISMISS THE CLASS ACTION COMPLAINT** - 6

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

because text messages do not use a telephone to reproduce sounds at a distance." *Id.* The *Stockdale* court, noted that several cases that reached a contrary determination had improperly relied on more recent dictionary definitions of the term "telephone call" or improperly looked to the definition of the term "call" without properly considering the modifying term "telephone." *Id.* at n. 5 (citing *Wilson v. MEDVIDI Inc.*, 2025 WL 2856295, at *2 (N.D. Cal. Oct. 7, 2025) as a case that improperly referenced a definition from 2024).

Nor does it matter that a modern cellular phone is capable of making "telephone calls", sending "text messages", as well as performing countless other functions. As explained by the court in *Stockdale*:

> In 1991, the definition of telephone was limited to voice capabilities. That is not to say that later technology (e.g., cell phones) cannot fit the definition of telephone just because they have additional capabilities, but the only capability possibly covered by definition of "telephone call" in 1991 was reproducing sound. Accordingly, capabilities of modern cell phones beyond reproducing sounds cannot be covered by the plain meaning of "telephone call" in 1991. To hold otherwise would suggest that any communication from a modern cell phone is a "telephone call" under the TCPA, which might include messages sent through Internet applications downloaded onto a cell phone. This broad interpretation of "telephone call" is not supported by the term's plain meaning as defined in 1991.

*Id.* (rejecting the contrary holding of *Alvarez v. Fiesta Nissan, Inc.,* 2026 WL 202930 (S.D. Tex. Jan. 26, 2026.) As a result, under ordinary principles of statutory interpretation, it is clear that Congress in 1991 could not have intended the term "telephone call" to include a "text message" for purposes of section 227(c)(5) of the TCPA.

Moreover, after text messages became an available technology, Congress amended the TCPA and specifically distinguished between a telephone call and a text message by defining the term "text message" as "a message consisting of text, images, sounds, or other information that is transmitted for or from a device" and further provided it "does not include . . . a real-time, two-way voice or video communication" (i.e., Congress clarified that a text message does not include what is generally understood to be a telephone call). 47 U.S.C. § 227(e)(8)(C). Congress also repeatedly distinguished between "a call made using a voice service" and "a text message sent

MOTION TO DISMISS THE CLASS ACTION
COMPLAINT - 7

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

using a text messaging service". 47 U.S.C. §§ 227(e)(8)(A)–(B); *see also See Trim,* 76 F.4th at 1162 ("If voice calls encompassed text messages, the inclusion of the term text message would be surplusage, and Congress would have written the statute in a manner contrary to a basic canon of statutory construction, that a statute should be interpreted 'so as not to render one part inoperative.' [Citation.]".). "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *INS v. Cardoza-Fonseca*, 480 U.S. 421, 432, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987) (alteration in original) (*quoting Russello v. United States*, 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983)); *Cheneau v. Garland*, 997 F.3d 916, 920 (9th Cir. 2021) (quoting same and stating "we are mindful of 'the usual rule that when the legislature uses certain language in one part of the statute and different language in another, the court assumes different meanings were intended.' [citation.]")

Accordingly, Section 227(c)(5) of the TCPA cannot reasonably be interpreted to encompass text messages. Therefore, Plaintiff's TCPA claims fail as a matter of law.

### 2. There is no Contrary Controlling Ninth Circuit Appellate Authority

Although the Ninth Circuit Court of Appeals has issued a number of inapposite decisions prior to and, even after, *McLaughlin*, none are controlling.

First, in *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 951-954 (9th Cir. 2009), the Ninth Circuit held that a "text message" falls within the meaning of "any call" under Section 227(b)(1)(a) of the TCPA. The Ninth Circuit applied the no longer viable standard of deference set forth in *Chevron U. S. A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837* (1984) in concluding that it "must defer" to the FCC's permissible interpretation of Section 227(b) of the TCPA. *Id.* at 954. Since that time, *Chevron* was overruled by the Supreme Court's decision in *Loper Bright Enterprises, Inc. v. Raimondo*, 603 U.S. 369, 376 (2024). Moreover, as discussed below, shortly after *Satterfield,* Congress amended the TCPA to expressly define the term "text message" in a manner entirely inconsistent with that of a "telephone call". 47 U.S.C. 227(e)(8)(C).

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

As a result, there is no reason to extend the holding in *Satterfield* regarding the meaning of "any call" to the interpretation of the term "telephone call" under Section 227(c)(5) of the TCPA.

After *Satterfield*, the Ninth Circuit issued a number of decisions that simply adopted its conclusion without conducting the analysis required by *McLaughlin,* largely because the cases focused on the separate issue of Article III standing. *See Van Patten v. Vertical Fitness Grp., LLC,* 847 F.3d 1037, 1042 (9th Cir. 2017) (citing the FCC regulations and the decision in *Satterfield* that a text is a call in connection with analysis of Article III standing under Section 227(b)); *Chenette v. Porch.com, Inc.,* 50 F.4th 1217, 1221-1222 (9th Cir. 2022) (citing the decision in *Van Patten* that a text is a call, and limiting its analysis under Section 227(c) to whether a cell phone could be a "residential" telephone.); *Hall v. Smosh Dot Com, Inc.,* 72 F.4th 983, 988 (9th Cir. 2023) (citing the decision in *Van Patten* that a text is a call for Article III standing, and limiting analysis to whether actual use of phone or receipt of message is necessary for Article III standing).

Finally, in *Howard v. Republican National Committee*, 164 F.4th 1119, 1123 (9th Cir. 2026) the Ninth Circuit held that the term "call" under Section 227(b) includes text messages even in the absence of *Chevron* deference. Again, the Ninth Circuit did not analyze, and was not required to analyze or interpret, the meaning of the term "telephone" as it existed in 1991 or how it modifies the term "call". That issue was simply not before the Ninth Circuit since it was only required to interpret the term "call". As a result, no Ninth Circuit appellate decision has specifically considered whether, let alone held that, a "text message" is a "telephone call" under Section 227(c)(5). As discussed above, under ordinary principles of statutory interpretation, a text message is not a telephone call under Section 227(c)(5) and, therefore, Plaintiff's TCPA claims fail.

**B.      Plaintiff Cannot Allege Facts to Support His Second Cause of Action**

Plaintiff's Second Cause of Action based on 47 C.F.R. § 64.1601(e) should also be dismissed because Plaintiff cannot allege facts sufficient to support the claim. Pursuant to 47 C.F.R. § 64.1601(e), any "person or entity that engaged in telemarketing . . . must transmit caller

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

identification information" which "must include either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer" and "[t]he telephone number so provided must permit an individual to make a don-not-call request during regular business hours."

In the FAC, Plaintiff admits that he was provided a CPN or ANI by Papa Murphy's in connection with each text message he received (the short-code number "90421"). Doc. 1 at ¶ 33. However, Plaintiff does not, and cannot, allege that he could not make a do-not-call request by sending a text back to the short-code number "90421" stating "Stop2End", as expressly provided within the text messages he received. *Id.* at ¶ 32.

Instead, Plaintiff alleges that the statute requires that the "telephone number" provided "permit any individual to make a do-not-call request during regular business hours. *Id.* at 37; *see also* 47 C.F.R. § 64.1601(e)(1). Plaintiff asserts that it was not "possible to call that number back with a voice call to lodge a Do Not Call request during regular business hours", to "send a text message call to that number and have a conversation with anybody" or call the number with a "voice call" and receive an alternate number to call to lodge a Do Not Call Request during normal business hours. *Id.* at ¶¶ 34-36.

It is worth noting that each of above allegations reflects Plaintiff's interpretation that the term "telephone number" refers to a number that permits a "voice" or "conversation" and not merely a "telephone number" that can receive a text message. As a result, Plaintiff is acknowledging that even he understands that the only reasonable interpretation of the statute is that text messages are not the same as telephone calls for purposes of this section of the TCPA.

In any event, if the statute could be reasonably interpreted to apply to text messages (which it cannot), there is no reasonable basis for Plaintiff to contend that the term "telephone number" requires a voice or live conversation to permit an opt-out during regular business hours. Instead, the only reasonable interpretation is that the statute only requires an individual be permitted to opt out via a text message sent during regular business hours to the telephone number provided. Since Plaintiff cannot allege he was not permitted to send an opt-out text message at any time, including

MOTION TO DISMISS THE CLASS ACTION
COMPLAINT - 10

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

during regular business hours, his second cause of action fails as a matter of law and should be dismissed without leave to amend.

## V.     CONCLUSION

For the reasons set forth above, Papa Murphy's respectfully requests that the Court dismiss the Plaintiff's TCPA claims pursuant to Fed. R. Civ. P. 12(b)(6).

I certify that this memorandum contains 3,529 words, in compliance with the Local Civil Rules and that counsel for the parties met and conferred in a good faith effort to resolve the issues set forth in this motion prior to its filing.

Dated: March 17, 2026          GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Donell A. Hicks*
Donell A. Hicks, WSBA #62606
dhicks@grsm.com
Erin Thenell, WSBA #51449
ethenell@grsm.com
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5100
Fax: (206) 689-2822

Calvin E. Davis (Admitted PHV)
cdavis@grsm.com
Aaron P. Rudin (Admitted PHV)
arudin@grsm.com
Candice S. Nam (Admitted PHV)
cnam@grsm.com
633 West Fifth Street, Suite 5200
Los Angeles, CA 90071
Phone: (213) 576-5000
Fax: (213) 680-4470
Attorneys for Defendant Papa Murphy's Company Stores, Inc.

**MOTION TO DISMISS THE CLASS ACTION COMPLAINT** - 11

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

# CERTIFICATE OF SERVICE

The undersigned declares under penalty of perjury under the laws of the State of Washington that on this day a true and accurate copy of the foregoing document was served via e-mail on the following individuals as indicated below:

Samuel J. Stauss
Strauss Borrelli PLLC
980 N Michigan Ave Ste 1610
Chicago, IL 60611-7502
T: (872) 263-1100
Email: sam@straussborrelli.com

Andrew Roman Perrong (pro hac vice)
PERRONG LAW LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
T: 215-225-5529
Email: a@perronglaw.com

Anthony Paronich (pro hac vice)
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
T: 617-485-0018
Email: anthony@paronichlaw.com

***Attorney for Plaintiff Nathen Barton***

Dated: March 17, 2026

/s/ Donell A. Hicks
Donell A. Hicks
hicks@grsm.com

**MOTION TO DISMISS THE CLASS ACTION COMPLAINT** - 12

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is: Gordon Rees Scully Mansukhani LLP, 633 West Fifth Street, 52nd Floor, Los Angeles, CA 90071.  On **March 17, 2026**, I served the following document:

**DEFENDANT PAPA MURPHY'S COMPANY STORES, INC.'S MOTION TO DISMISS THE CLASS ACTION COMPLAINT**

☒ **VIA ELECTRONIC MAIL -** I caused the document(s) listed above to be served by transmitting via the CM/ECF document filing system the document(s) listed above to the electronic mail (e-mail) address as listed below.

☒ **VIA U.S. MAIL -** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Los Angeles, addressed as set forth below.

Samuel J. Strauss
STRAUSS BORRELLI PLLC
980 N Michigan Ave Ste 1610
Chicago, IL 60611-7502
T: (872) 263-1100
F: (872) 263-1109
Email: sam@straussborrelli.com

Anthony Paronich (pro hac vice)
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
T: 617-485-0018
Email: anthony@paronichlaw.com

Andrew Roman Perrong (pro hac vice)
PERRONG LAW LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
T: 215-225-5529
a@perronglaw.com

*Attorneys for Plaintiff*
*NATHEN BARTON*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **March 17, 2026**, at Los Angeles, California.

_____
Marisela Tesillo

MOTION TO DISMISS THE CLASS ACTION
COMPLAINT - 13

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

8736/55820489v.1