HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATHEN BARTON, individually and on behalf of a class of all persons and entities similarly situated

Plaintiff,

v.

PAPA MURPHY'S COMPANY STORES INC. and DOES 1-10,

Defendants.

Case No.: 3:26-cv-05168 JNW

**DEFENDANT PAPA MURPHY'S COMPANY STORES, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS THE CLASS ACTION COMPLAINT**

NOTE ON MOTION CALENDAR: APRIL 14, 2026

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS THE CLASS ACTION COMPLAINT** - 1

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

## I.       INTRODUCTION

Defendant Papa Murphy's Company Stores, Inc. ("Papa Murphy's") Motion to Dismiss the Class Action Complaint raises two questions: 1) whether Plaintiff Nathen Barton ("Plaintiff") has a "private right of action" under Section 227(c)(5) of the Telephone Consumer Protection Act ("TCPA") to bring TCPA claims based on his receipt of text messages; and 2) whether Plaintiff has alleged sufficient facts to support his second cause of action for violation of the TCPA based on Papa Murphy's purported failure to transmit caller identification information.  The answer to both questions is no.

Congress expressly limited the scope of a "private right of action" under Section 227(c)(5) to a "person who has received more than one telephone call . . . ."  When Congress enacted the TCPA, a telephone was defined as an instrument for reproducing sounds at a distance, in which sound is converted into electrical impulses for transmission by wire.  **Under this definition, a "text message" cannot possibly be a "telephone call"**.

Furthermore, Congress deliberately chose not to use the broader term "telephone solicitation", which is expressly defined to include both "a telephone call or message" for purposes of creating a private right of action under Section 227(c)(5).  Congress also chose not to use just the term "call".  This reflects an intention by Congress to narrow, not broaden, the scope of a private right of action under Section 227(c)(5).  Plaintiff identifies nothing in the nature and purpose of Section 227(c) that suggests an intention by Congress to broaden the private right of action created by Section 227(c)(5).  Instead, the language of Section 227(c) reflects that its central purpose was not with respect to private rights of action but to give broad powers only to the Federal Communications Commission ("FCC").

Nevertheless, Plaintiff argues the Ninth Circuit's holding that a text message is a "call" under Section 227(b)(1) of the TCPA governing automatic dialing systems is controlling.  It is not.  The Ninth Circuit has never held that a person has standing under Section 227(c)(5) based on their receipt of a "text message" rather than a "telephone call".  Nor could it without impermissibly

REPLY BRIEF IN SUPPORT OF MOTION TO
DISMISS THE CLASS ACTION COMPLAINT - 2

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

disregarding the plain language of the term "telephone" as it would have been understood by Congress when it enacted the TCPA.

Plaintiff also fails to cite to any interpretation by the FCC that a "telephone call" for purposes of a private right of action under Section 227(c)(5) includes a text message. Instead, Plaintiff merely refers to portions of the regulations that broadly state that the rules set forth in certain sections "are applicable to any person or entity making telephone solicitations or telemarketing calls or text messages to wireless telephone numbers". 47 C.F.R. § 64.1200(d). As a result, Plaintiff cites no FCC determination that has any bearing on whether Congress' use of the term "telephone call" for purposes of creating a private right of action under Section 227(c)(5) includes a text message.

Finally, to the extent not mooted by this court's analysis of the first issue, Plaintiff's second cause of action fails because the allegations of the Complaint establish that Plaintiff was provided caller identification information and could have made a request to opt out during business hours. Plaintiffs' contention that caller identification information requires the ability to make a voice "telephone call", as opposed to a "text message", in order to opt-out not only contradicts his contention that a "telephone call" includes a text message under Section 227(c)(5) of the TCPA, but is also not supported by any language from the statute or regulations themselves. Accordingly, Papa Murphy's respectfully requests that its motion to dismiss be granted in its entirety.

## II.   LEGAL ANALYSIS

### A.   "Text Messages" Are Not "Telephone Calls" For Purposes Of Establishing Standing Under Section 227(c)(5)

Under ordinary principles of statutory interpretation, a "text message" is not a "telephone call" under Section 227(c)(5) of the TCPA. Plaintiff only has standing to pursue his TCPA claims if he "received more than one *telephone call* within any 12-month period by or on behalf of [Defendant] in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5) (emphasis added.). If Plaintiff did not receive a "telephone call" he lacks standing under the

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS THE CLASS ACTION COMPLAINT** - 3

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

TCPA.  In this case, Plaintiff is not complaining about receiving unwanted telephone calls, but text messages.  As a result, this court must use ordinary principles of statutory interpretation to decide whether a "text message" is a "telephone call".  It is not.

When interpreting a statute, the Ninth Circuit "begin[s] with the plain words of the statute, employing the familiar canons of statutory construction." *Cheneau v. Garland*, 997 F.3d 916, 920 (9th Cir. 2021). "[W]hen deciding whether the language is plain, [the court] must read the words 'in their context and with a view to their place in the overall statutory scheme.' " *King v. Burwell*, 576 U.S. 473, 486 (2015) (*quoting FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133, (2000)). The court must "also look to similar provisions within the statute as a whole and the language of related or similar statutes to aid in interpretation." *United States v. LKAV*, 712 F.3d 436, 440 (9th Cir. 2013).

"In doing so, [the Court should be] mindful of 'the usual rule that when legislature uses certain language in one part of the statute and different language in another, the court assumes different meanings were intended.'" *Id.* (quoting *Sosa v. Alvarez-Machain*, 542 U.S. 692, 711 n.9 (2004)).  The Ninth Circuit also applies "the ' "cardinal principle of statutory construction" that a "statute ought, upon the whole, to be construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." ' " *Id.* (quotations omitted.).

It is undisputed that, in 1990, the term "telephone" was defined as "'an instrument for reproducing sounds at a distance...'one in which sound is converted into electrical impulses for transmission by wire.'" *Stockdale v. Skymount Property Group, LLC*, 2026 WL 591842 at * 3 (N.D. Ohio, March 3, 2026) (*quoting* Merriam-Webster New Collegiate Dictionary (9th ed. 1990). Applying ordinary principles of statutory interpretation, it is clear that Plaintiff did not receive a "telephone call" from Papa Murphy's, so his claims under Section 227(c)(5) of the TCPA fail as a matter of law. *See Sayed v. Naturopathic Holistic Health, Inc.,* Case No.  8:25-cv-00847-SDM-CPT, 2025 WL 2997759 * 2 (M.D. Fla. Oct. 24, 2025); *see also Radvansky v. 1-800-Flowers.com, Inc.*, 2026 WL 456919 at *3-5 (N.D. Ga. Feb. 17, 2026); *Davis v. CVS Pharmacy, Inc.*, 2025 WL

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2491195, at \*1  (N.D. Fla. 2025); *Jones v. Blackstone Medical Services, LLC,* 792 F.Supp.3d 894, 899 (N.D. Ill. 2025).

In addition, though commonly referred to as the TCPA, section 227 is actually an amendment to the Communications Act of 1934.  *See Howard v. Republican Nat'l Comm.,* 164 F.4th 1119, 1120 n. 1 (2026).  The terms "telephone" and "telephone call" are utilized by other provisions of the Communications Act in a manner that indicate they involve the reproduction of sound.  *See* 47 U.S.C. § 226 (b)(1)(A) (requiring provider of operator services to "identify itself, audibly and distinctly, to the consumer at the beginning of each telephone call"); 47 U.S.C. § 710(b)(4)(D) ("the term 'secure telephones' means telephones that are approved by the United States Government for the transmission of classified or sensitive voice communications.")

Furthermore, Plaintiff's Opposition does not identify any order or decision by the FCC that interprets the term "telephone call" under Section 227(c)(5) of the TCPA as including text messages.  Instead, the FCC's position that text messages are "calls" for TCPA purposes arises out of Section 227(b) of the TCPA which is not the basis of Plaintiff's case. While the FCC amended the regulations to state that the Do Not Call Registry rules apply to text messages, the FCC has never stated the amendment modified the "telephone call" requirement necessary for a private right of action under Section 227(c)(5).   47 C.F.R. § 64.1200(e).   Even if the FCC did render such a decision, as set forth in *McLaughlin Chiropractic Associates, Inc. v. McKesson Corporation*, 606 U.S. 146, 155 (2025), this court must independently determine for itself whether the FCC's interpretation of the TCPA is correct, by "determin[ing] the meaning of the law under ordinary principles of statutory interpretation." *McLaughlin Chiropractic*, 606 U.S. at 155 (*citing Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 402 (2024) (emphasis added.)  Again, under ordinary principles of statutory interpretation, such a decision would be flawed.

In his opposition, Plaintiff raises several arguments for why this Court should interpret the term "telephone call" as including "text messages".  As set forth in greater detail below, none of Plaintiff's arguments are consistent with the plain terms of the TCPA.  Instead, all of the Plaintiff's

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS THE CLASS ACTION COMPLAINT** - 5

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

arguments impermissibly seek to have this court completely disregard as superfluous or irrelevant the term "telephone" as it was understood by Congress in 1991.

### 1. Congress Did Not Use The Term "Telephone Solicitation" In Creating The Private Right Of Action Under Section 227(c)(5)

Plaintiff's argument that Congress' use of the defined term "telephone solicitation" reflects an intent to create a broad private right of action under Section 227(c)(5) that includes "text messages" is completely contrary to Ninth Circuit law. Congress did not create a private right of action for persons that received "telephone solicitations". Moreover, the fact that Congress chose only to create a private right of action for persons that received "telephone calls" under Section 227(c)(5) reflects a deliberate intention by Congress to limit, not broaden, the standing requirements under Section 227(c)(5).

" ' "Congress' choice of words is presumed to be deliberate" and deserving of judicial respect.' " *California v. Trump*, 963 F.3d 926, 946 (9th Cir. 2020). "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion". *Rusello v. U.S.*, 464 U.S. 16, 23 (1983) (quotation omitted); *see also United States v. Youssef,* 547 F.3d 1090, 1094 (9th Cir. 2008) (same). "This presumption applies with even greater force here, where Congress used particular language in one provision and not in another provision of the same subsection of the same statute." *Cheneau, supra*, 997 F.3d at 920. Congress repeatedly uses the broader term "telephone solicitation" throughout section 227(c), yet deliberately chose to use a different narrower term, "telephone call", when creating a private cause of action under Section 227(c)(5).

Defendant does not dispute that Congress intended for the FCC to have broad powers to create and enforce rules concerning "telephone solicitations" under Section 227(c). *See* 47 U.S.C. §§ 227(c)(1) ("the Commission shall initiate a rulemaking proceeding concerning the need to protect residential subscriber's privacy rights to avoid receiving telephone solicitation to which

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

they object"); *see also* 47 U.S.C. §§ 227(c) (3), (4).  However, whether the FCC's powers with respect to regulating "telephone solicitations" include making and enforcing rules pertaining to "text messages" is not at issue before this Court.  The only issue before this Court is whether Congress intended to create a "private right of action" with respect to a person's receipt of text messages under Section 227(c)(5), when Congress deliberately chose to use the term "telephone calls" and not the broader term "telephone solicitations".  It did not.

Moreover, Congress broadly created a private right of action for any violation of Section 227(b) and the related regulations thereto, but Congress deliberately chose not to create a similarly broad private right of action with respect to any violation of Section 227(c) or the related regulations thereto. *Compare* 47 U.S.C. § 227(b) with 47 U.S.C. § 227(c)(5).  As a result, there is no basis for concluding that Congress intended that a private right of action under Section 227(c)(5) be construed broadly to encompass "text messages", and Plaintiff cites nothing in the statutory scheme, or even from the FCC, to suggest otherwise

### 2.    There Is No Controlling Ninth Circuit Authority

As anticipated, Plaintiff also argues that this issue has already been determined by the Ninth Circuit.  There is no such controlling authority. To the contrary, the Ninth Circuit has only held that a text message is a "call" in connection with a claim under Section 227(b) of the TCPA for claims relating to automatic dialers.  Again, Section 227(b)(3) provides far broader standing for a private right of action than that afforded under Section 227(c)(5), and the FCC has only interpreted the scope of the term "call" under Section 227(b).

In particular, Section 227(b)(3) broadly provides standing to any person to seek injunctive relief and monetary damages "based on a violation of this subsection or the regulations". 47 U.S.C. § 227(b)(3).  It is a violation of Section 227(b)(1)(A) "to make any call" using an Automatic Telephone Dialing System (ATDS).  47 U.S.C. § 227(b)(1)(A).  As a result, the Ninth Circuit's decisions that a "call" includes a "text message" under Section 227(b)(1)(A) are entirely inapplicable to the issue before this Court of Plaintiff's standing under Section 227(c)(5) which is

**REPLY BRIEF IN SUPPORT OF MOTION TO
DISMISS THE CLASS ACTION COMPLAINT** - 7

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

limited to a person's receipt of more than one "telephone call."

In *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 951-954 (9th Cir. 2009), the Ninth Circuit held that a "text message" falls within the meaning of "to make any call" under Section 227(b)(1)(a) of the TCPA.  The Ninth Circuit found that the TCPA was "silent as to whether a text is a call" and, therefore, it had to defer to the FCC's interpretation of Section 227(b)(1)(A) that the "'prohibition on using automatic telephone dialing systems to make calls to wireless phone numbers applies to text messages (e.g., phone-to-phone SMS), as well as voice calls'" finding it was a reasonable interpretation.  *Id*. at 952, 954.  The Ninth Circuit also considered the purpose of the TCPA noting that the "TCPA was enacted to 'protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile machines and automatic dialers.'" *Id.* at 954.  The Ninth Circuit did not consider, or discuss, the purpose of Section 227(c) of the TCPA, or identify any interpretation of the same by the FCC.

In *Howard v. Republican National Committee*, the Ninth Circuit held that the plaintiff failed to state a claim under Section 227(b)(1) because the plaintiff's receipt of a text message that included a video file containing a pre-recorded voice was not a "call" that was "made" or "initate[d]" using an artificial or prerecorded voice. *Howard,* 164 F.4th at 1127-1128.  In reaching its decision, the Ninth Circuit stated that its decision in *Satterfield* that a "call" included a "text message" under Section 227(b)(1) would be the same even if it had not deferred to the FCC's interpretation.  The *Howard* decision is inapposite on whether a text message is a "telephone call" for purposes of Section 227(c)(5) of the TCPA, though the opinion highlights the importance of interpreting each of the words used in the relevant statute, in that case focusing on the terms "voice", "make", "initiate" and "call" to find the TCPA claims failed as a matter of law.

The district court's decision in *Taha v. Momentive Software,* 2026 U.S. Dist. LEXIS 54376 at *7-8 (C.D. Cal. Mar. 11, 2026), is inconsistent with Ninth Circuit law and should not be followed.  The district court found that *Satterfeld* and *Howard* were determinative, or binding,

**REPLY BRIEF IN SUPPORT OF MOTION TO
DISMISS THE CLASS ACTION COMPLAINT** - 8

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

because even though "both cases reached the[ir] decisions in the context of analyzing § 227(b) of the TCPA", "neither *Satterfield* nor *Howard* elected to use language to limit the scope of their holdings".   In fact, both *Satterfield* and *Howard* utilized language that limited their holdings.  *See Satterfield,* 569 F.3d at 953-954 ("The precise language at issue here is what did Congress intend when it said 'to make any call' under the TCPA. . . . The language and purpose of the TCPA support the conclusion that the use of an ATDS to make any call, regardless of whether that call is communicated by voice or text, is prohibited. . . . The FCC's interpretation of 47 U.S.C. § 227(b)(1)(A) is consistent with the dictionary's definition of call . . . ."); *see also Howard*, 164 F.4th at 1124 ("At issue in *Satterfield* were written text messages allegedly sent using an automatic telephone dialing system (as opposed to a "prerecorded voice") in violation of § 227(b)(1)(A).")  Moreover, it is well established that Ninth Circuit decisions are "not precedential for propositions not considered," *United States v. Pepe*, 895 F.3d 679, 688 (9th Cir. 2018), or for matters that are "simply assumed," *Sonner v. Premier Nutrition Corp*., 971 F.3d 834, 842 n.5 (9th Cir. 2020).

In direct violation of the "cardinal rule" of statutory interpretation, the district court in *Taha* also found that Congress' use of the term "telephone call" in Section 227(c)(5), as opposed to the use of the term "call" in Section 227(b), was not of "significance", was redundant and that Congress would have used the term "voice call" instead of "telephone call" had it intended to not include text messages.  Court must interpret statutes so as to avoid rendering words superfluous, void or insignificant, and the term "voice call" was never used by Congress anywhere in the Communications Act, or anywhere else identified by the district court or the Plaintiff.

The decision in *Wilson v. Better Mortgage Corp*., 811 F.Supp.3d 631 (S.D.N.Y. 2025) is similarly inconsistent with Ninth Circuit precedent. In *Wilson,* the district court found that because a number of federal appellate courts had interpreted the term "any call" to include text message for purposes of Section 227(b) or "assumed so without deciding the issue", the purportedly "identical" term "telephone call" used in Section 227(c)(5) should be similarly interpreted to encompass "text messages".  *Id.* at 639.  Again, this is the opposite of the law in the Ninth Circuit

that cases are not precedent for propositions not considered or matters assumed.

As a result, there is no merit to Plaintiff's contention that there is "controlling" Ninth Circuit precedent as to an issue the Ninth Circuit has never addressed.

### B.   Plaintiff's Second Cause of Action Should Be Dismissed

In addition, Plaintiff's Second Cause of Action based on 47 C.F.R. § 64.1601(e) should be dismissed because he cannot allege facts sufficient to state the claim.

To establish this claim, Plaintiff must first allege facts sufficient to show that Papa Murphy's did not provide caller identification information that includes CPN or ANI.  See 47 C.F.R. § 64.1601(e) ("Any person or entity that engages in telemarketing . . . must transmit caller identification information" which "must include either CPN or ANI").  In his Complaint, Plaintiff alleges that Papa Murphy's "transmitted the Caller ID, in the form of both ANI and CPN, as 90421." Doc. 1 at ¶ 33.  Plaintiff factual allegation must be accepted as true for purposes of this court's ruling on Papa Murphy's motion to dismiss.

In his Opposition, Plaintiff impermissibly attempts to contradict his own factual allegation by arguing that Papa Murphy's did not transmit Caller ID in the form of either CPN or ANI.  Doc. 18 at 21:17-23:23. "It is axiomatic that [a] complaint may not be amended by the briefs in opposition to a motion to dismiss." *Cole v. Amazon.com Services, LLC,* 765 F.Supp.3d 1154, 1160 (W.D. Wash. Feb. 6, 2025) (citations omitted).  Plaintiff clearly alleges that Papa Murphy's transmitted the Caller ID, in the form of both ANI and CPN" and cannot now claim in his opposition brief that Papa Murphy's did not, or could not, transmit such information.

Similarly, Plaintiff contends that Papa Murhy's did not identify itself as a telemarketer in the communications and claims Papa Murphy's does not address this point and, therefore, concedes it.  Doc. 18 at 24:2-7. Plaintiff ignores the fact that he does not allege that Papa Murphy's did not identify itself as a telemarketer.  Furthermore, Plaintiff's opposition cannot be used as a platform to assert new allegations, especially where those allegations contradict the allegations in the Complaint.  Here, the Complaint incorporates the alleged texts at issue, and each begins by

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS THE CLASS ACTION COMPLAINT** - 10

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

identifying "Papa Murphy's".  Doc. 1 at ¶ 32.

Finally, Plaintiff's contention that it could not make a do not call request is legally and factually baseless.  As an initial matter, the regulations provide, in pertinent part, that: "It shall not be a violation of this paragraph to substitute (for the name and phone number used in, or billed for, making the call) the name of the seller on behalf of which the telemarketing call is placed and the seller's customer service telephone number. The telephone number so provided must permit any individual to make a do-not-call request during regular business hours.  47 C.F.R. § 64.1601(e). Plaintiff alleges that Papa Murphy's provided him the number "used in . . . making" the text message, and Plaintiff does not allege that he could not "make a do-not-call request during regular business hours" to the number provided by Papa Murphy's.

Instead, Plaintiff inexplicably contends that he could not "call" to make a do-not-call request during regularly business hours.  Plaintiff argues that for purposes of this TCPA claim, a "call" is not a "text message" but only a "voice call".  Doc. 18 at 23:14-120.  In an attempt to explain the basis for his complete reversal of position on this issue, Plaintiff argues that the short code used for text messaging by Papa Murphy's "doesn't allow *any* individual possessing a landline phone or a phone that doesn't have the capacity to send out text message calls, to make a Do Not Call request during normal business hours." *Id.* at 22:8-12 (emphasis in original).  In other words, Plaintiff's absurd position is that Papa Murphy's text messages violate the TCPA because any individual with a landline or lacking text message capabilities that could not have received a text message from Papa Murphy's in the first place, would not be able to orally opt-out of receiving text messages they never have, or ever will, receive from Papa Murphy's. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 200 (1993) (invoking "the common mandate of statutory construction to avoid absurd results")

## IV.   CONCLUSION

For the reasons set forth above and in Papa Murphy's initial moving papers, Papa Murphy's respectfully requests that the Court dismiss the Plaintiff's TCPA claims pursuant to Fed. R. Civ.

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

P. 12(b)(6).

I certify that this memorandum contains 3,711 words, in compliance with the Local Civil Rules.

Dated: April 14, 2026                    GORDON REES SCULLY MANSUKHANI, LLP


By: */s/ Donell A. Hicks*
        Donell A. Hicks, WSBA #62606
        dhicks@grsm.com
        Erin Thenell, WSBA #51449
        ethenell@grsm.com
        701 Fifth Avenue, Suite 2100
        Seattle, WA 98104
        Phone: (206) 695-5100
        Fax: (206) 689-2822

        Calvin E. Davis (Admitted PHV)
        cdavis@grsm.com
        Aaron P. Rudin (Admitted PHV)
        arudin@grsm.com
        Candice S. Nam (Admitted PHV)
        cnam@grsm.com
        633 West Fifth Street, Suite 5200
        Los Angeles, CA 90071
        Phone: (213) 576-5000
        Fax: (213) 680-4470
        Attorneys for Defendant Papa Murphy's Company
        Stores, Inc.

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS THE CLASS ACTION COMPLAINT** - 12

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

## CERTIFICATE OF SERVICE

The undersigned declares under penalty of perjury under the laws of the State of Washington that on this day a true and accurate copy of the foregoing document was served via e-mail on the following individuals as indicated below:

Samuel J. Stauss
Strauss Borrelli PLLC
980 N Michigan Ave Ste 1610
Chicago, IL 60611-7502
T: (872) 263-1100
Email: sam@straussborrelli.com

Andrew Roman Perrong (pro hac vice)
PERRONG LAW LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
T: 215-225-5529
Email: a@perronglaw.com

Anthony Paronich (pro hac vice)
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
T: 617-485-0018
Email: anthony@paronichlaw.com

***Attorney for Plaintiff Nathen Barton***

Dated: April 14, 2026

/s/ Donell A. Hicks
Donell A. Hicks
dhicks@grsm.com

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS THE CLASS ACTION COMPLAINT** - 13

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is: Gordon Rees Scully Mansukhani LLP, 633 West Fifth Street, 52nd Floor, Los Angeles, CA 90071.  On **April 14, 2026**, I served the following document:

### DEFENDANT PAPA MURPHY'S COMPANY STORES, INC.'S MOTION TO DISMISS THE CLASS ACTION COMPLAINT

☒ **VIA ELECTRONIC MAIL -** I caused the document(s) listed above to be served by transmitting via the CM/ECF document filing system the document(s) listed above to the electronic mail (e-mail) address as listed below.

☒ **VIA U.S. MAIL -** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Los Angeles, addressed as set forth below.

Samuel J. Strauss
STRAUSS BORRELLI PLLC
980 N Michigan Ave Ste 1610
Chicago, IL 60611-7502
T: (872) 263-1100
F: (872) 263-1109
Email: sam@straussborrelli.com

Anthony Paronich (pro hac vice)
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
T: 617-485-0018
Email: anthony@paronichlaw.com

Andrew Roman Perrong (pro hac vice)
PERRONG LAW LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
T: 215-225-5529
a@perronglaw.com

*Attorneys for Plaintiff*
*NATHEN BARTON*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **April 14, 2026**, at Los Angeles, California.

_____
Marisela Tesillo

REPLY BRIEF IN SUPPORT OF MOTION TO
DISMISS THE CLASS ACTION COMPLAINT - 14

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

8736/55820489v.1